United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20643
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL CELEDON, also known as Angel
Gonzalez-Soto, also known as Joel
Celedon-Rios, also known as Abel C.
Gonzalez, also known as Abel Soto,

Defendant-Appellant.

Consolidated with
No. 03-40758

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL CELEDON-RIOS, also known as
ARMANDO DE LA CRUZ-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-710-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joel Celedon, also known as Joel Celedon-Rios, appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation. He argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Celedon concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by Almendarez-Torres, 523 U.S. at 235. We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Celedon does not brief any argument concerning how or why any potential reduction in his sentence for the 8 U.S.C. § 1326 conviction would have any bearing on the sentence the district court imposed upon revocation of his supervised release. Celedon has thus abandoned his appeal from the revocation of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  <u>United States v. Valdiosera-Godinez</u>,

932 F.2d 1093, 1099 (5th Cir. 1991).

AFFIRMED.